IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JOHN GREENWOOD | § | |
| Plaintiff | § | |
| v. | § | Civil Action No. |
| PROCOLLECT, INC | § | |
| | § | Demand for Jury Trial |
| Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW the Plaintiff, JOHN GREENWOOD by Counsel, DENNIS MCCARTY, and for his complaint against the Defendant, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory, costs, and attorney's fees brought pursuant to 15 U.S.C. §1692 (Federal Fair Debt Collect Act).

### JURISIDICTION AND VENUE

2. Jurisdiction of this Court is conferred by 15 U.S.C. §1692k(d) and 28 U.S.C. §1331

3. Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this Judicial District.

1

## PARTIES

4. Plaintiff, John Greenwood (hereinafter Plaintiff) is a natural person and is a resident and citizen of Travis County, the State of Texas, United States of America. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, ProCollect, Inc, (hereinafter Defendant), is a "debt collector", as defined 15 U.S.C §1692a(6) and engaged in the business with the purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendant is currently doing business in Texas.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

7. Defendant is a debt collector as defined by the Fair Debt Collection Act.

8. Defendant is maliciously, willfully, and/or negligently violating the Fair Debt Collection statutes in an attempt to collect Plaintiff's alleged debt.

9. Defendant sent Plaintiff a collection demand letter dated August 26, 2011 stating, "RECEIVE 50% DISCOUNT & DELETION FROM CREDIT REPORT". *Please see* Exhibit A.

10. Defendant's letter stated that, "ProCollect will delete your account from your credit report and reduce the balance by 50% if payment of $111.42 is received in our office no later than 9/15/2011.

11. Payment for that amount was received in Defendant's office on 9/13/2011 and that same payment cleared Plaintiff's bank a few days later on 9/15/2011.

12. Payment was not only received in Defendant's office by the due date but it even cleared the bank by their due date as well.

13. Defendant never deleted the account from Plaintiff's credit report.

14. Plaintiff attempted to finance a home loan and discovered that Defendant was still reporting on his credit report.  Defendant's reporting of this account tradeline was the sole reason why Plaintiff was not able to get approval for his home loan.

15. Plaintiff called Defendant multiple times to remind Defendant about their agreement.  Defendant refused to delete the account and further informed Plaintiff that Defendant would have never made that agreement because they don't delete.

16. Plaintiff's spouse then called Defendant and Defendant made her pay the other half of the amount that Defendant had agreed not to collect with 50% discount.

17. Defendant is currently reporting on Plaintiff's credit report.

18. Plaintiff can not get approval on his home loan because of this Defendant's reporting.  The reporting they promised Plaintiff they would delete upon payment.

19. As a result of Defendants conduct, Plaintiff has suffered great emotional and mental pain and anguish, and all to Plaintiff's great detriment and loss.

20. As a result of Defendant's conduct, Plaintiff has suffered actual damages and all to Plaintiff's great detriment and loss.

21. At all times pertinent hereto, Defendant was acting by and through their

agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

22. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in a grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## CAUSES OF ACTION

23. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24. This suit is based upon the Defendants violation of the Federal Fair Debt Collection Act.  All causes of action were the producing causes of damages which Plaintiff suffered.

### *Count I: Fair Debt Collection Act*

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. Defendant violated Federal Statutes 15 U.S.C. §1692e and, 15 U.S.C. §1692e(8), and 15 U.S.C. §1692e(10) and, 15 U.S.C. §1692e(2) and, 15 U.S.C. §1692f.

27. Defendant sent Plaintiff a collection demand letter dated August 26, 2011 stating, "RECEIVE 50% DISCOUNT & DELETION FROM CREDIT REPORT". *Please see* Exhibit A.

28. Defendant's letter stated that, "ProCollect will delete your account from your credit report and reduce the balance by 50% if payment of $111.42 is received in our office no later than 9/15/2011.

29.  Payment for that amount was received in Defendant's office on 9/13/2011 and that same payment cleared Plaintiff's bank a few days later on 9/15/2011.

30.  Payment was not only received in Defendant's office by the due date but it even cleared the bank by their due date as well.

31.  Defendant never deleted the account from Plaintiff's credit report.

32.  Plaintiff attempted to finance a home loan and discovered that Defendant was still reporting on his credit report.  Defendant's reporting of this account tradeline was the sole reason why Plaintiff was not able to get approval for his home loan.

33.  Plaintiff called Defendant multiple times to remind Defendant about their agreement.  Defendant refused to delete the account and further informed Plaintiff that Defendant would have never made that agreement because they don't delete.

34.  Plaintiff's spouse then called Defendant and Defendant made her pay the other half of the amount that Defendant had agreed not to collect with 50% discount.

35.  Defendant is currently reporting on Plaintiff's credit report.

36.  Plaintiff can not get approval on his home loan because of this Defendant's reporting.  The reporting they promised Plaintiff they would delete upon payment.

The section entitled "False or misleading representations" under 15 U.S.C. §1692e reads: A debt collector may use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

And;

    (2) The false representation of-
        (A) the character, amount, or legal status of any debt

and;

    (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

5

and;

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

And;

The section entitled "Unfair practices" under 15 U.S.C. §1692e reads: A debt collector may not use unfair or unconscionable means to collect or attempting to collect any debt.

37. As a result of Defendant's conduct, Plaintiffs has suffered great emotional and mental pain and anguish, and all to Plaintiff's great detriment and loss.

38. As a result of Defendant's conduct, Plaintiffs has suffered actual damages and all to Plaintiff's great detriment and loss.

39. At all times pertinent hereto, Defendant was acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

40. At all times pertinent hereto, the conduct of the Defendant, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, or grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

41. The conduct of Defendant was a direct and proximate cause, as well as a Substantial factor in bringing about the damages and harm to Plaintiff that are outlined above and, as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, statutory damages, exemplary damages, costs and attorney fees as well as such other relief, permitted by law.

## DEMAND FOR JURY TRIAL

42. Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages pursuant to 15 U.S.C. §1692k;

(b) Statutory damages pursuant to 15 U.S.C. §1692k;

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

(d) Such other and further relief as may be necessary, just and proper.

Dated: May1, 2012

                                      Respectfully submitted,

                                      /s/ Dennis McCarty
                                      Dennis McCarty
                                      ATTORNEY FOR PLAINTIFF
                                      Mississippi Bar No. 102733
                                      P.O. Box 54172
                                      Hurst, TX., 76054
                                      Telephone: 817-704-3375
                                      Fax (817) 887-5069
                                      dmccartylaw@att.net